# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM SERVICES LLC; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DALIE ELYSE YOUNG, an individual



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED**
by Superior Court of California
County of Ventura
07/19/2022
Brenda L. McCormick
Executive Officer and Clerk

Dolores Hernandez
Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  VENTURA COUNTY SUPERIOR COURT<br>800 SOUTH VICTORIA AVENUE<br>VENTURA, CALIFORNIA 93009 | CASE NUMBER: *(Número del Caso):*<br>56-2022-00568151-CU-OE-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KARL GERBER, SBN:166003; Employment Lawyers Group, 13418 Ventura Blvd, Sherman Oaks, CA 91423; (818) 783-7300

| DATE:<br>*(Fecha)*  07/19/2022 | Brenda L. McCormick | Clerk, by<br>*(Secretario)* | Dolores Hernandez | Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Amazon.com services LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

**800 South Victoria Avenue**
**Ventura , CA 93009**
**(805) 289-8525**
WWW.VENTURA.COURTS.CA.GOV

## NOTICE OF CASE ASSIGNMENT AND MANDATORY APPEARANCE

Case Number: **56-2022-00568151-CU-OE-VTA**

Your case has been assigned for all purposes to the judicial officer indicated below.

**A copy of this Notice of Case Assignment and Mandatory Appearance shall be served by the filing party on all named Defendants/Respondents with the Complaint or Petition, and with any Cross-Complaint or Complaint in Intervention that names a new party to the underlying action.**

| ASSIGNED JUDICIAL OFFICER | COURT LOCATION | DEPT/ROOM |
|---|---|---|
| Hon. Mark Borrell | Ventura | 40 |

| HEARING | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default | |
|---|---|---|

| EVENT DATE | EVENT TIME | EVENT DEPT/ROOM |
|---|---|---|
| 07/31/2023 | 08:15 AM | 22B |

## SCHEDULING INFORMATION

**Judicial Scheduling Information**

**APPEARANCE AT THE ABOVE HEARING IS MANDATORY.**
**Each party must file a Case Management Statement no later than 15 calendar days prior to the hearing and serve it on all parties. If your Case Management Statement is untimely, it may NOT be considered by the court (CRC 3.725).**
**If proof of service and/or request for entry of default have not been filed: At the above hearing you are ordered to show cause why you should not be compelled to pay sanctions and/or why your case should not be dismissed (CCP 177.5, Local Rule 3.17).**

**Advance Jury Fee Requirement**

At least one party demanding a jury trial on each side of a civil case must pay a non-refundable jury fee of $150. The non-refundable jury fee must be paid timely pursuant to Code of Civil Procedure section 631.

**Noticed Motions/Ex Parte Matters**

To set an ex parte hearing, contact the judicial secretary in the assigned department. Contact the clerk's office to reserve a date for a law and motion matter.

**Telephonic Appearance**

Telephonic appearance at the Case Management Conference is permitted pursuant to CRC 3.670. In addition, see Local Rule 7.01 regarding notice to the teleconference provider. The court, through the teleconference provider, will contact all parties and counsel prior to the hearing.

Date: 07/22/2022

Clerk of the Court,
By:
Dolores Hernandez, Clerk

VEN-FNR082

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>KARL GERBER, SBN: 166003; ANN GULESER, SBN: 210790<br>EMPLOYMENT LAWYERS GROUP<br>13418 VENTURA BLVD.<br>SHERMAN OAKS CA 91423<br>TELEPHONE NO.:                    FAX NO.:<br>ATTORNEY FOR *(Name):* DALIE ELYSE YOUNG, Plaintiff | **FOR COURT USE ONLY**<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California<br>County of Ventura<br>**07/19/2022**<br>Brenda L. McCormick<br>Executive Officer and Clerk<br><br>Dolores Hernandez<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  VENTURA
STREET ADDRESS: 800 SOUTH VICTORIA AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: VENTURA, 93009
BRANCH NAME: VENTURA COUNTY SUPERIOR COURT

CASE NAME:
YOUNG  V.  AMAZON.COM SERVICES LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>56-2022-00568151-CU-OE-VTA |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence          f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):*  FIVE (5)
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 19, 2022
ANN GULESER
_____               ►      _____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**<br>OUTDATED | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

EMPLOYMENT LAWYERS GROUP
KARL GERBER, SBN: 166003
ANN GULESER, SBN: 210790
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone:  818 783 7300
Facsimile:  818 995 7159

Attorneys for Plaintiff
DALIE ELYSE YOUNG

**Electronically FILED**
by Superior Court of California
County of Ventura
**07/19/2022**
Brenda L. McCormick
Executive Officer and Clerk
Dolores Hernandez
Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| DALIE ELYSE YOUNG, an individual | CASE NO.: 56-2022-00568151-CU-OE-VTA |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:** |
| vs. | **1. DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12900 ET. SEQ.;** |
| AMAZON.COM SERVICES LLC; and DOES 1 through 100 inclusive | **2. PREGNANCY AND SEX DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTION 12900 ET. SEQ.;** |
| Defendant. | **3. VIOLATIONS OF LABOR CODE SECTIONS 1102.5(b) AND (c);** |
| | **4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | **5. INTENTIONAL INFLICTION OF EMOTION DISTRESS.** |

Plaintiff, DALIE ELYSE YOUNG, complains and alleges as follows:

\\

\\

\\

\\

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #:1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

**GENERAL ALLEGATIONS**

**(AGAINST ALL NAMED DEFENDANTS)**

1.       Plaintiff, DALIE ELYSE YOUNG ("Plaintiff"), is a female resident of the County of Los Angeles, State of California over the age of 18.

2.       Plaintiff is informed and believes that at all times herein mentioned, Defendant, AMAZON.COM SERVICES LLC ("AMAZON") employed Plaintiff, and more than 5 people at its warehouse at 1757 Tapo Canyon Rd, Simi Valley, CA 93063, which it owned, managed and operated.

3.       Plaintiff is ignorant of the true names and capacities thereto whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names.  Plaintiff is informed and believes that each of the DOE Defendant reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

4.       Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the remaining co Defendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his co Defendant.

5.       Plaintiff began her employment with AMAZON on or about December 5, 2021 as a warehouse associate.

6.       Plaintiff has a disability of gestational trophoblastic neoplasia ("GTN") which is a pregnancy related disability as well as a condition that creates cancer in Plaintiff's body during and after a pregnancy. GTN is a condition that creates a group of rare tumors that develop during the early stages of pregnancy. There are no preventive medicines or treatments for GTD. The only prevention is not to become pregnant. Plaintiff's physical disability of GTN limits Plaintiff's major life activities such as working and socializing, and is therefore a physical

disability under California Government Code Section 12926. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) states that "Physical disability" includes, but is not limited to, having any physiological disease, disorder, or condition that affects body's immunological, blood, and reproductive systems and limits a major life activity. Working is a major life activity.

7.     In about May 2021 plaintiff had a molar pregnancy. Because of GTN, the pregnancy became a tumor that had to extracted in two different surgeries in July and August 2021. In order to prevent the molar tissue from growing and becoming cancerous, in November and December 2021, Plaintiff underwent chemotherapy which was administered through a port catheter on her chest.

8.     On January 7, 2022, Plaintiff had a procedure to remove the port catheter. Plaintiff was out of work for a few weeks to recover from the surgery. On or about February 2, 2022 Plaintiff was able to work with a restriction if no lifting more than 10 pounds until March 4, 2022. Plaintiff was often instructed to do work that interfered with her restrictions, and each time she had to explain to her supervisor Jose that she had surgery and was instructed not to lift over 10 pounds.

9.     On or about February 18, 2022, Plaintiff was sent home by AMAZON who told her she was a liability. Plaintiff's wound from removal of the port was not healing and was creating complications. After March 4, 2022, Plaintiff sent AMAZON an extension of her restrictions of not lifting over 10 pounds for approximately two more weeks. Plaintiff worked for a day or two in March, 2022. On March 12, 2022, AMAZON told Plaintiff not to report to work until she received a call to come back to work by her case manager. Plaintiff was not called back to work even though she was scheduled to work from March 13-15. Plaintiff was terminated on March 29, 2022. Plaintiff's lifting restrictions were to assist with the healing of the site of her surgery, they were temporary, and were lifted in or about to the end of March 2022.

10.    Plaintiff's asking for disability leave, having a disability, treating for cancer prevention, treating for a post pregnancy disability, and needing special accommodations to heal from the side effects of her disability was a substantial motivating factor in Defendant's reason to terminate Plaintiff. Plaintiff was fired in retaliation for being disabled, having cancer, needing

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

special accommodations to heal from her disability, having a pregnancy related disability, and needing to take disability leave to heal.

11.     All of the foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12900 ET. SEQ.
## (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

12.     Plaintiff realleges the information set forth in Paragraphs 1-11 of the General Allegations, and by this reference hereby incorporates these paragraphs into this cause of action as if they were fully alleged herein.

13.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act. On July 19, 2022, Plaintiff filed charges of disability discrimination, including needing a disability leave as special accommodations, failure to accommodate disability, failure to accommodate treatment related to cancer, failure to engage in an interactive dialog, retaliation, failure to reinstate, discriminatory termination against Defendant AMAZON. A true and correct copy of said charges has been attached hereto, made a part hereof, and marked as Exhibit 1. On July 19, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

14.     Plaintiff had a disability of GTN, post pregnancy cancer, and needed the special accommodations of restrictions not to lift over 10 pounds and disability leave to heal from the complications of cancer treatment. On or about March 20, 2022, Defendant terminated Plaintiff's employment because Plaintiff needed the special accommodation of time off to heal and had temporary lifting restrictions due to her disability and disability related treatment as alleged in Paragraphs 6-11.

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

15. This cause of action is based upon:

    a. California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

    b. Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

    c. California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

    d. California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

    e. California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

    f. California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

    g. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's disease, disorder, or condition that affects body's immunological, blood, and reproductive systems;

    h. California Government Code Section 12926 (i)(1) "Medical condition" means any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer;

    i. California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

j.   California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

k.   California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

l.   California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965.

16.   Plaintiff alleges that the code sections enumerated above were violated because Defendant terminated Plaintiff in discrimination for her disability and in retaliation for asking special accommodations and taking a disability leave in violation of the California Government Code Sections 12940(a) and 12940 (h). **Defendant filed to accommodate Plaintiff causing her to violate her restriction of not lifting over 10 pounds.** Defendant violated Government Code Sections 12940 et seq. by intentionally and maliciously terminating Plaintiff even though she applied to take a protected leave generally violating Government Code Sections 12940 et seq. Plaintiff alleges that Defendant's blatant disregard for the laws enumerated in the above paragraph allows Plaintiff to recover punitive damages in an amount to be determined at trial.

17.   At all times relevant herein, Plaintiff performed her duties as an employee of defendant in a competent, successful, and professional manner. Plaintiff is informed, believes, and thereon alleges that Plaintiff was not fired for any reason related to her work performance. Plaintiff alleges her termination was based upon her physical disability and need for special accommodations. Plaintiff alleges that despite her physical disability, she could still perform the essential functions of her job with Defendant, with special accommodations.

18.   As a direct, foreseeable, and proximate result of the conduct of said Defendant, the Plaintiff has suffered, and continues to suffer severe emotional distress, substantial losses in

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, being without a source of income and medical insurance during her employment all to her damage in a sum within the jurisdiction of this court, to be ascertain according to proof. Plaintiff also prays for all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

19.     Defendant acted in a grossly reckless, and/or intentional, malicious, and bad faith manner when they willfully violated the statutes enumerated in this cause of action and retaliated against the Plaintiff for refusing to comply with their willful violations of the above referenced statutes and terminating the Plaintiff in violation of the law.

20.     The Plaintiff is entitled to punitive damages against said Defendant, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high enough to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

21.     The Plaintiff also prays for reasonable costs and attorney fees and costs against said Defendants named in this cause of action, as allowed by California Government Code Section 12965 for the Plaintiff's prosecution of this action in reference to the time the Plaintiff's attorneys spend pursuing this cause of action.

## SECOND CAUSE OF ACTION
## PREGNANCY AND SEX DISCRIMINATION IN VIOLATION OF
## CALIFORNIA GOVERNMENT CODE SECTION 12900 ET. SEQ.
## (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

22.     Plaintiff re-alleges and incorporates paragraphs 1-11 of the General Allegations, Paragraphs 12-21 of the First Cause of Action as though fully set forth herein.

23.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On July 19, 2022, Plaintiff filed charges of pregnancy discrimination, failure to accommodate pregnancy disability, discriminatory termination, denial of employment, retaliation against Defendant AMAZON a true and correct copy of which has been attached

hereto, made a part hereof, and marked as Exhibit 1. On July 19, 2022, the Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, of which a true and correct copy has been attached hereto, made a part hereof, and Marked as Exhibit 1.

24.   This cause of action is based upon:

   a.   California Government Code Section 12940(a), which prohibits employers from terminating and/or discriminating against their employees because of their employee's sex;

   b.   California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees for refusing to put up with statutorily prohibited conduct under the Fair Employment and Housing Act;

   c.   California Code of Regulations Section 7291.2(d) which provide that discrimination because of pregnancy, childbirth or related medical conditions constitutes sex discrimination under Government Code Section 12940;

   d.   California Government Code Section 12926(o) which provides that sex under the DFEH Act includes pregnancy, childbirth, or medical conditions related to pregnancy or childbirth;

   e.   California Government Code Section 12945 which prohibits employers from terminating and discriminating against their employees because of their employee's pregnancy, childbirth, or related medical conditions;

   f.   Article I Section VIII of the California Constitution, which prohibits sex and pregnancy discrimination regardless of how many employees an employer has.

   g.   All other state and federal statutes, regulations, administrative orders, and ordinances which discovery will reveal were violated by Defendant by discriminating against Plaintiff.

25.   Plaintiff alleges she was fired in discrimination and retaliation for having a disease of GTN which created cancer after pregnancy, and requesting special accommodations as alleged in Paragraphs 5-11 all due to pregnancy.

26.   Plaintiff alleges that the Defendant violated the statutes set forth in this cause of action including California Government Code Section 12945, when Defendant terminated Plaintiff

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

because of her sex, pregnancy related disability, and her need for special accommodations because of pregnancy related disability. Defendant refused to accommodate Plaintiff's request for accommodations which would have been accommodated by letting Plaintiff take time to heal until released without restrictions or allowing Plaintiff to work under the restrictions of no lifting more than 10 pounds until she healed by mid-March or the end of March 2022. Plaintiff alleges that Defendant's conduct as described in this cause of action was taken towards her because she is a woman and because she had a pregnancy related disability of GTN, and requested special accommodations to heal from the side effects of the chemotherapy treatment. Plaintiff alleges that she would not have been discriminated against, and terminated if she were not a woman, had she not been pregnant, and not needed special accommodations to accommodate pregnancy related disability.

27.     As a direct, foreseeable, and proximate result of the conduct of all Defendant named in this cause of action, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, as well as other financial losses to be ascertain according to proof.

28.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which all named Defendant, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action and discriminating against Plaintiff in violation of the law because of her sex and pregnancy, Plaintiff is entitled to punitive damages against said Defendant, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

29.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above were done with oppression and malice by Plaintiff's supervisor and managers and were ratified by those other individuals who were managing agents of said corporate Defendant. These unlawful acts were further ratified by the Defendant employers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, and each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE: : EFT

30.     Plaintiff also prays for reasonable costs and attorney fees and costs against said Defendant named in this cause of action, as allowed by California Government Code Section 12965 for Plaintiff's prosecution of this action in reference to the time Plaintiff's attorneys spend pursuing this cause of action.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF LABOR CODE SECTIONS 1102.5(b) AND (c)
## (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

31.     Plaintiff re-alleges and incorporates paragraphs 1-11 of the General Allegations, Paragraphs 12-21 of the First Cause of Action, Paragraphs 22-30 of the Second Cause of Action, and hereby incorporates these paragraphs as though fully set forth and alleged herein.

32.     This cause of action is under the Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.  Plaintiff alleges that she was terminated in retaliation for disclosing to AMAZON HR and her supervisor Jose that she was disabled, was suffering from the side effects of undergoing chemotherapy to avoid cancer, she had a right to special accommodation of taking time off to heal, needed lifting restrictions to heal from surgery, had a pregnancy related disability, and needed a leave to deal with her pregnancy related disability as alleged in Paragraphs 5-11, and the First and the Second Causes of Action in violation of California Labor Code Section 1102.5(b).

33.     This cause of action is under the Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute. Plaintiff alleges that she was terminated in retaliation for being disabled, having to suffer the side effects of undergoing chemotherapy to avoid cancer, asserting her right to special accommodation of

taking time off to heal, needing lifting restrictions to heal from surgery, being a woman, having a pregnancy related disability, and needing a leave to deal with her pregnancy related disability as alleged in Paragraphs 5-11, and the First and the Second Causes of Action in violation of California Labor Code Section 1102.5(c). Plaintiff tendered her restrictions due to the conditions that create the First and the Second Causes of Action and Defendant fired her due to the restrictions and caused her to violate them.

34.  Plaintiff is informed, believes, and based thereon, alleges that said Defendant terminated her employment in violation of the Labor Code Sections 1102.5(b), and 1102.5(c) in retaliation for invoking her right to special accommodations because of her disability as alleged in Paragraphs 5-11 and the First through the Third Causes of Action, which violates the following public policies:

a.  California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

b.  Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

c.  California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

d.  California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

e.  California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f.  California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g.  California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following:

11
COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

Having any physiological disease, disorder, condition, or anatomical loss that affects body's disease, disorder, or condition that affects body's immunological, blood, and reproductive systems;

h. California Government Code Section 12926 (i)(1)  "Medical condition" means any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer;

i. California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

j. California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

k. California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

l. California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965.

m. California Government Code Section 12940(a), which prohibits employers from terminating and/or discriminating against their employees because of their employee's sex;

n. California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees for refusing to put up with statutorily prohibited conduct under the Fair Employment and Housing Act;

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

o. California Code of Regulations Section 7291.2(d) which provide that discrimination because of pregnancy, childbirth or related medical conditions constitutes sex discrimination under Government Code Section 12940;

p. California Government Code Section 12926(o) which provides that sex under the DFEH Act includes pregnancy, childbirth, or medical conditions related to pregnancy or childbirth;

q. California Government Code Section 12945 which prohibits employers from terminating and discriminating against their employees because of their employee's pregnancy, childbirth, or related medical conditions;

r. Article I Section VIII of the California Constitution, which prohibits sex and pregnancy discrimination regardless of how many employees an employer has.

s. California Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties;

t. California Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute;

u. All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff, and firing Plaintiff.

35. Defendant's actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

36.     As a direct, foreseeable, and proximate result of the conduct of Defendant, named in this cause of action, Plaintiff has suffered, and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, being without a source of income and benefits all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.  Plaintiff also prays for all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

37.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action by willfully violating the statutes enumerated in this cause of action and retaliating against Plaintiff by terminating Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

38.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above were done with oppression and malice by Plaintiff's supervisor and managers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  These unlawful acts were ratified by those other individuals who were managing agents of said Defendant employers.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

39.     Plaintiff prays for the $10,000 civil penalty that Labor Code Section 1102.5(e) imposes, as well as all other remedies available under Labor Code Section 1102.5 against each Defendant. Plaintiff prays for all recoverable penalties, including the up to $10,000 penalty allowed under Labor Code § 1102.5(f) and its enhanced burden of proof.

40.     Plaintiff prays for attorney fees for pursuing this cause of action per Labor Code §1102.5(j).

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

**FOURTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)**

41.     Plaintiff re-alleges and incorporates paragraphs 1-11 of the General Allegations, Paragraphs 12-21 of the First Cause of Action, Paragraphs 22-30 of the Second Cause of Action, Paragraphs 31-40 of the Third Cause of Action, and hereby incorporates these paragraphs as though fully set forth and alleged herein.

42.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional, statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

43.     Plaintiff is informed, believes, and based thereon, alleges that Defendant terminated her in retaliation for being disabled, having to suffer the side effects of undergoing chemotherapy to avoid cancer, asserting her right to special accommodation of taking time off to heal, needing lifting restrictions to heal from surgery, being a woman, having a pregnancy related disability, and needing a leave to deal with her pregnancy related disability as alleged in Paragraphs 5-11, and Causes of Action One through Three. Defendant's conduct described in the above sentence violates the following statutes that effect society at large:

        a.   California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

        b.   Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

c.  California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

d.  California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

e.  California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f.  California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g.  California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's disease, disorder, or condition that affects body's immunological, blood, and reproductive systems;

h.  California Government Code Section 12926 (i)(1)  "Medical condition" means any health impairment related to or associated with a diagnosis of cancer or a record or history of cancer;

i.  California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

j.  California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

k.  California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

out whether Plaintiff would need any special accommodations to accommodate her disability;

l.   California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965.

m.  California Government Code Section 12940(a), which prohibits employers from terminating and/or discriminating against their employees because of their employee's sex;

n.   California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees for refusing to put up with statutorily prohibited conduct under the Fair Employment and Housing Act;

o.   California Code of Regulations Section 7291.2(d) which provide that discrimination because of pregnancy, childbirth or related medical conditions constitutes sex discrimination under Government Code Section 12940;

p.   California Government Code Section 12926(o) which provides that sex under the DFEH Act includes pregnancy, childbirth, or medical conditions related to pregnancy or childbirth;

q.   California Government Code Section 12945 which prohibits employers from terminating and discriminating against their employees because of their employee's pregnancy, childbirth, or related medical conditions;

r.   Article I Section VIII of the California Constitution, which prohibits sex and pregnancy discrimination regardless of how many employees an employer has.

s.   California Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties;

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

t.   California Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute;

u.   All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff, and firing Plaintiff.

44.   Plaintiff alleges that said Defendant, and all DOE Defendants, violated articulable public policies, affecting society at large, by violating the statutes as described in the above Paragraph, when said Defendant terminated and retaliated against Plaintiff in violation of public policy by terminating Plaintiff for the reasons stated in the above paragraph.

45.   Specifically, Plaintiff alleges that said Defendant's violations of the above referred statutes affect society at large because they affect the health and safety of workers.

46.   As a direct, foreseeable, and proximate result of the actions of said Defendant, and each of their acts as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

47.   The grossly reckless and/or intentional, malicious, and bad faith manner in which said defendant conducted itself as described in this cause of action by willfully violating those statutes enumerated in this Cause of Action, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

48.   Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of the Defendant employer. These unlawful acts were further ratified by the Defendant employer and done with a conscious disregard for Plaintiff's rights and with the intent,

design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

## FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

49.     Plaintiff re-alleges and incorporates paragraphs 1-11 of the General Allegations, Paragraphs 12-21 of the First Cause of Action, Paragraphs 22-30 of the Second Cause of Action, Paragraphs 31-40 of the Third Cause of Action, Paragraphs 41-48 of the Fourth Cause of Action above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

50.     Defendant acted intentionally and/or recklessly and subjected Plaintiff to severe emotional distress by doing the outrageous acts alleged to have been done by said Defendant throughout this complaint by terminating Plaintiff's employment in violation of public policy as the first four causes of action indicate. **Defendant caused Plaintiff to violate her restrictions she needed in order to heal from the side effects of her disability.**

51.     Defendant terminated Plaintiff in violation of public policy, and FEHA, by terminating her in discrimination and retaliation for being disabled, having to suffer the side effects of undergoing chemotherapy to avoid cancer, asserting her right to special accommodation of taking time off to heal, needing lifting restrictions to heal from surgery, being a woman, having a pregnancy related disability, and needing a leave to deal with her pregnancy related disability as alleged in Paragraphs 5-11, and the First through the Fourth Causes of Action.

52.     Defendant retaliated and discriminated against Plaintiff by terminating her because she had a disability, had a pregnancy related disability, needed time to heal from the symptoms of her disability, and had temporary work restrictions due to the side effects of her disability. Plaintiff's disability one necessitated her to take the FEHA special accommodations of restrictions and medical leave to heal.

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

53. Defendant terminated Plaintiff on or about March 29, 2022, in retaliation for being disabled, and asserting her right to special accommodation of taking time off to heal, as alleged in Paragraphs 5-11, and the First through the Fourth Causes of Action.

54. In doing the acts herein alleged that form the First through the Fourth Causes of Action, Defendant acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to Plaintiff. Specifically, it was outrageous to:

    a. Terminate Plaintiff in discrimination for having a disability;

    b. Terminate Plaintiff in retaliation for needing special accommodations;

55. Defendant's actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

56. As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions alleged in this cause of action, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendant's actions, and each of their actions, not caused her such emotional suffering and grief, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

57. As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against said Defendant in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendant, deter future conduct by said Defendant and others behaving like them, and to make an example of said Defendant.

WHEREFORE, Plaintiff prays for the following relief, to be determined by a jury as follows:

For All Causes of Action:

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

1.   For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.   For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for her loss of past and future earnings, and all damages flowing from Plaintiff's loss of earnings, loss of job security, failure to properly advance within her career, and damage to her reputation;

3.   For all costs and disbursements incurred in this suit;

4.   For such other and further relief as the Court deems just and proper;

5.   For all interest as allowed by law;

6.   For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for any medical expenses and suffering;

For the First Cause of Action:

7.   For reasonable attorney's fees and costs, as allowed by law under Section 12965 of the California Fair Employment and Housing Act, for the time that Plaintiff's attorney spends pursuing this cause of action, and for costs;

8.   For all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203;

For the Second Cause of Action:

9.   For reasonable attorney's fees and costs, as allowed by law under Section 12965 of the California Fair Employment and Housing Act, for the time that Plaintiff's attorney spends pursuing this cause of action, and for costs;

10.   For all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203;

For the Third Cause of Action:

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

9. For the California Labor Code 1102.5 penalty and burden of proof articulated in California Labor Code Section 1102.6;

10. For the California Labor Code Section 1102.5 penalties of $10,000.00;

11. Attorney fees for pursuing this Cause of Action under California Labor Code Section 1102.5(j).

Dated: July 19, 2022

EMPLOYMENT LAWYERS GROUP

By: _____
Karl Gerber
Ann Guleser
ATTORNEYS FOR PLAINTIFF,
DALIE ELYSE YOUNG

22
COMPLAINT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

**EXHIBIT 1**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

July 19, 2022

Ann Guleser
13418 Ventura Blvd.
Sherman Oaks, CA 91423

RE:   **Notice to Complainant's Attorney**
DFEH Matter Number: 202207-17636219
Right to Sue: YOUNG / AMAZON.COM SERVICES LLC

Dear Ann Guleser:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

Form DFEH-ENF 80 RS (Revised 02/22)

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

July 19, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202207-17636219
      Right to Sue: YOUNG / AMAZON.COM SERVICES LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

July 19, 2022

DALIE YOUNG
13418 Ventura Boulevard
Sherman Oaks,  91423

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202207-17636219
      Right to Sue: YOUNG / AMAZON.COM SERVICES LLC

Dear DALIE YOUNG:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 19, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Form DFEH-ENF 80 RS (Revised 02/22)

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**   KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 12207 22D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
DALIE YOUNG                                        DFEH No. 202207-17636219

                        Complainant,

vs.

AMAZON.COM SERVICES LLC
,

                        Respondents

_____

**1.** Respondent **AMAZON.COM SERVICES LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **DALIE YOUNG**, resides in the City of **Sherman Oaks,** State of .

**3.** Complainant alleges that on or about **March 29, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), medical condition (cancer or genetic characteristic), pregnancy, childbirth, breast feeding, and/or related medical conditions and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied accommodation for pregnancy.

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability, denied accommodation for pregnancy.

-1-
*Complaint – DFEH No. 202207-17636219*

Date Filed: July 19, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #:1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT

1    **Additional Complaint Details:** Ms. Young has the disability of gestational trophoblastic
2    neoplasia. She was terminated in retaliation for being disabled, having to suffer the side
     effects of undergoing chemotherapy to avoid cancer, asserting her right to special
3    accommodation of taking time off to heal, needing lifting restrictions to heal from surgery,
     being a woman, having a pregnancy related disability, and needing a leave to deal with her
4    pregnancy related disability Ms. Young tendered her restrictions due to her disability and her
     employer fired her due to the restrictions and caused her to violate them.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -2-
                              *Complaint – DFEH No. 202207-17636219*
27
     Date Filed: July 19, 2022
28
                                              Form DFEH-ENF 80 RS (Revised 02/22)

Ventura Superior Court Accepted through eDelivery submitted 07-19-2022 at 03:15:49 PM

1 | VERIFICATION

2 | I, **Ann Guleser**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
on information and belief, which I believe to be true.

4 |
5 | On July 19, 2022, I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

6 |                                                                              **Sherman Oaks, CA**

7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |                                                     -3-
*Complaint – DFEH No. 202207-17636219*
27 | Date Filed: July 19, 2022
28 |
                                                      Form DFEH-ENF 80 RS (Revised 02/22)

CASE #:56-2022-00568151-CU-OE-VTA RECEIPT #: 1220722D103912 DATE PAID : 07/22/22 4:26 PM TOTAL : 435.00 TYPE : EFT